Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 7, 2011, denying defendants’ motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff testified at her deposition that she slipped and fell on rainwater on an outdoor staircase leading to the basement garbage disposal area. She stated that she did not see any dangerous or unsafe conditions on the steps, other than the rainwater. Defendants made a prima facie showing that it was raining until approximately one hour before the accident, and the building superintendent stated that there were no violations relating to the stairs. Defendants sustained their burden of demonstrating that they neither caused nor created the condition which was the proximate cause of plaintiffs injuries (see Brewer v Stonehill & Taylor Architects, 93 AD3d 462 [1st Dept 2012]).
The burden shifted to plaintiff to raise a triable issue of fact (see Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]). Plaintiffs affidavit and the letter from her expert were insufficient to sustain her burden. Plaintiffs affidavit appears to have been tailored to avoid the consequences of her deposition testimony (see Singh v Actors Equity Holding Corp., 89 AD3d 488 [1st Dept 2011]). The expert’s letter was irrelevant because, based on plaintiff’s testimony, the conditions cited were not the proximate cause of her fall. Nor did plaintiffs expert demonstrate that the Building Code sections alleged were applicable to the exterior stair where plaintiff fell.
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Roman, JJ.